CIVIL ACTION NO. 05-1547 (Sullivan, J.)
Bankruptcy Case Number 02-0359 (Chapter 11)

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

**IN RE CAPITOL HILL GROUP, DEBTOR.**

**ADVERSARY PROCEEDING:**

**NEWMARK OF WASHINGTON, D.C. LLC, D/B/A NEWMARK & BANK COMPANY,
Appellant,**

**v.**

**CAPITOL HILL GROUP,
Appellee**

_____

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA
(The Honorable S. Martin Teel, Jr., United States Bankruptcy Judge)**

_____

**REPLY BRIEF OF APPELLANT**

_____

**Christopher B. Mead
London & Mead
1225 19th St., N.W., Suite 320
Washington, D.C. 20036
(202) 331-3334**

**Attorneys for Appellant Newmark of
Washington, D.C. LLC, d/b/a Newmark
& Bank Company**

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

I.   D.C. CODE 42-1705 DOES NOT APPLY
     TO NEWMARK'S SERVICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   THERE ARE SUFFICIENT WRITINGS TO SATISFY
      THE PUBLIC POLICY PURPOSE BEHIND SECTION 42-1705. . . . . . . 2

III.   CHG IS ESTOPPED FROM RELYING ON 42-1705. . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF SERVICE (by electronic filing) . . . . . . . . . . . . . . . . . . . . . . . . . 5

ADDENDUM A (Notice of Dismissal of Claims Against Defendant Peter Shin)

# TABLE OF AUTHORITIES

**CASES**                                                     **PAGE(S)**

*A.S. Johnson Co. v. Atlantic Masonry Co.*, 693 A.2d 1117 (D.C. 1997) . . . . . . . . . . . . . 4

*Kassatly v. Yazbeck*, 734 F. Supp. 13 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Stephen A. Goldberg Co. v. Remsen Partners, ltd.*,
     170 F.3d 191 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATUTES                                                   **PAGE(S)**

D.C. Code section 42-1702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

D.C. Code section 42-1705 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>**CAPITOL HILL GROUP,**<br><br><div align="center">**Debtor.**</div> | **Appeal from U.S. Bankruptcy Court**<br>**Civil Action No. 05-1547 (Sullivan, J.)**<br>**Bankruptcy Case Number 02-0359**<br>**Chapter 11** |

I.    **D.C. CODE 42-1705 DOES NOT APPLY TO NEWMARK'S SERVICES.**

D.C. Code section 42-1705 provides that "A licensee shall not receive payment of a commission in the absence of a written listing agreement." The Code does not define "commission." *See* D.C. Code section 42-1702. The bankruptcy court held that a commission means any compensation based on a percentage of the sales price for real estate, effectively rendering all buyers' or tenants' broker contracts unenforceable. CHG's brief, like the bankruptcy court's opinion, does not mention buyers' or tenants' brokers.

Because buyers' and tenants' brokers routinely provide "brokerage services" for a percentage of sale or lease prices without listing agreements, common sense mandates that "commission" means a percentage payment for procuring a buyer. The bankruptcy court's opinion and CHG's brief argue that this common sense reading would eviscerate the statute, because brokers would argue that they were entitled to a commission for performing consulting services. Common sense again says different. The law need not fear that brokers who do not have signed listing agreements will contend that homeowners agreed to pay them a percentage for consulting services--such arrangements do not exist in the residential market. On the other hand, buyers' and tenants' brokers need to fear the bankruptcy court's opinion, which would eliminate their rights to agreed compensation because they do not have written listing

<div align="center">1</div>

agreements.

This case is actually quite rare.  It is undisputed that CHG hired Newmark to provide consulting services, not to find a buyer.  Only in this context, where a sophisticated businessman seeks advice about development options for a multi-million dollar property, would a broker be able to argue credibly that the parties agreed to contingent compensation without procuring a buyer.  Courts are actually pretty good at identifying liars, and an exaggerated fear of frivolous claims should not be an excuse to eliminate a licensed broker's rights to contingent payments for services that would not be the subject of a written listing agreement.

CHG's brief also attempts to mis-state the legal issue here.  Unlike the plaintiffs in *Kassatly v. Yazbeck*, 734 F. Supp. 13 (D.D.C. 1990) and *Stephen A. Goldberg Co. v. Remsen Partners, ltd.*, 170 F.3d 191 (D.C. Cir. 1999), Newmark is licensed, and the issue is not whether Newmark's services fit within the definition of "brokerage services" under the D.C. Code. Instead, the issue here is whether the undefined term "commission" in D.C. Code 42-1705 applies to all brokerage services (thus eliminating buyers' and tenants' brokers from the marketplace), or whether it means compensation based on procuring a buyer .

Newmark asked why the parties would have signed a written listing agreement, when Dr. Shin admitted that he did not hire Newmark to find a buyer?  CHG's brief did not answer that question.

II.     **THERE ARE SUFFICIENT WRITINGS TO SATISFY**
        **THE PUBLIC POLICY PURPOSE BEHIND SECTION 42-1705.**

There is a factual dispute as to whether Dr. Shin orally agreed to the terms of the engagement letters that Newmark sent to him, but that Shin never signed.  Nonetheless, to the extent that D.C. Code 42-1705 expresses a public policy requiring signed documents to prevent

2

frivolous claims, it is undisputed that CHG signed sales agreements unambiguously stating that "Seller [Capitol Hill Group] has used the services of The Bank Companies (the 'Bank Companies') and Seller shall be solely responsible for paying the fees and commissions owed to the Bank Companies, pursuant to a separate written agreement." It does not matter what the purchaser, Holladay Corporation, intended by including that provision in the agreement. Nor does it matter that CHG now claims that it did not intend the plain meaning of that provision. Laurence Bank submitted a declaration saying that Dr. Shin orally agreed to the terms of two written engagement letters,. Dr. Shin's signatures on the real estate sales agreements confirm the existence of CHG's written contracts with Newmark. That is enough to satisfy the writing requirement.

CHG's brief also slyly attempts to argue that Bank's letters are not sufficient because they were addressed to Dr. Shin personally. Precisely for that reason, when Newmark originally brought suit in Superior Court, it sued Dr. Shin personally. Newmark agreed to dismiss Dr. Shin personally when CHG agreed, in writing, that "Shin was its authorized agent in dealing with Plaintiff." CHG's arguments to the contrary violate that agreement, and should not be given any weight by this Court.[1]

Finally, CHG's brief did not address or dispute that under D.C. law, Newmark is a third-party beneficiary of the Purchase and Sale Agreements between CHG and Holladay. *A.S.*

---

[1]The Notice of Dismissal of Claims Against Defendant Peter Shin, which includes the representation by counsel that "Defendants have agreed to the dismissal of Defendant Shin, and Defendant Capitol Hill Group has agreed that Shin was its authorized agent in dealing with Plaintiff," is Addendum A to this Reply Brief. In fairness to CHG's current counsel, CHG has hired and replaced at least four previous counsel, and CHG's current counsel was probably not aware of prior counsel's agreement.

3

*Johnson Co. v. Atlantic Masonry Co.*, 693 A.2d 1117, 1123 (D.C. 1997).

### III.    CHG IS ESTOPPED FROM RELYING ON 42-1705.

After receiving Bank's first letter, CHG continued to employ Newmark as consultants, paid an hourly invoice consistent with the terms of Bank's letter, and closed on the first Purchase and Sale Agreement with Holladay, in which CHG specifically promised to pay Newmark according to a "separate written agreement."  After receiving Bank's second letter, CHG continued to employ Newmark as consultants, and negotiated multiple drafts of a Purchase and Sale Agreement with Holladay in which CHG, again, specifically promised to pay Newmark according to a "separate written agreement."

Other than relying on section 42-1705, CHG did not address Newmark's argument that the bankruptcy court's ruling failed to give proper weight to Dr. Shin's conduct after receiving the letters, and to Newmark's knowledge that Shin had signed sales contracts acknowledging his contract with Newmark.

### CONCLUSION

For the foregoing reasons, this Court should reverse the bankruptcy court's January 10, 2005 Opinion and Order, and remand the case with instructions to enter judgment for Newmark based on the sales contracts in which CHG acknowledged its contracts with Newmark.

4

## CERTIFICATE OF SERVICE

Newmark's counsel certifies that they have filed this Brief under the Court's electronic filing system, which will automatically provide service to opposing counsel.

Respectfully submitted,

_____

Christopher B. Mead #411598
Mark London
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C.  20036
(202) 331-3334

5

# ADDENDUM A

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

RECEIVED
Civil Clerk's Office

JAN 26 2002

Sup     Court of the
Dis     of Columbia
Washington, D.C.

| | |
|---|---|
| **NEWMARK OF WASHINGTON, D.C. LLC d/b/a NEWMARK & BANK CO.** | |
| **v.** | **C.A. No. 01ca005815** |
| **CAPITOL HILL GROUP, et al.** | **Judge Steffen Graae** |
| **Defendants.** | **Calendar #7**<br>**Next event: discovery deadline 3/15/02** |

## NOTICE OF DISMISSAL OF CLAIMS AGAINST DEFENDANT PETER SHIN

Pursuant to Superior Court Rule of Civil Procedure 41(a), Plaintiff Newmark of Washington D.C. LLC d/b/a Newmark & Bank Company hereby dismisses its claims against Defendant Peter Shin without prejudice. Rule 41(a) provides that Plaintiff may dismiss claims without order of court if the party against whom the claim is filed has not filed an answer or motion for summary judgment. Defendant Shin has not filed an answer or motion for summary judgment. Defendants have agreed to the dismissal of Defendant Shin, and Defendant Capitol Hill Group has agreed that Shin was its authorized agent in dealing with Plaintiff.

Respectfully submitted,

Christopher B. Mead        #411598
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true copy of the foregoing Notice of Dismissal

of Claims Against Defendant Peter Shin to be faxed and mailed on January 24, 2002, to:

        Donna Beasley
        Fax nos. 202/628-3681 and 202/675-0411
        419 Seventh St., N.W.
        Suite 401
        Washington, D.C. 20004

        Karl Carter
        Fax no. 202/833-3843
        2000 L St., N.W.
        Suite 200
        Washington, D.C. 20036

Christopher B. Mead